Ian D. Quinn (#024515)
Quinn Law PLLC
2415 East Camelback Road, Suite 700
Phoenix, Arizona 85016
Tel. 602.535.0002
Fax 602.535.0003
iquinn@quinnlawnet.com

Ernest Leonard (TX #12208750)(*Pro Hac Vice* Application in Process)
Friedman & Feiger, L.L.P.
5301 Spring Valley Road, Suite 200
Dallas, Texas 75254
Tel. 978.788.1400
Fax 972.776.5313
eleonard@fflawoffice.com

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY JASON ZANDONATTI, an single man, and FIBERSTREAM, LLC, an Arizona Limited Liability Company<br><br>                                            Plaintiffs,<br><br>v.<br><br>DUAL PATH, LLC, an Arizona Limited Liability Company, ERIC MARKOW, a married man and DAVID GOODMAN, an individual.<br><br>                                            Defendants. | NO.<br><br><br><br>COMPLAINT |

COME NOW Anthony Jason Zandonatti and Fiber Stream, LLC, complaining of the actions of Dual Path LLC, and Eric Markow and would respectfully show this Court as follows:

//

//

## I.

## PARTIES

1. Plaintiff Anthony Jason Zandonatti ("Zandonatti") is a resident of the State of Arizona.

2. Plaintiff Fiber Stream, LLC ("Fiber Stream") is a limited liability company, created under the laws of the State of Arizona.

3. Defendant Dual Path LLC ("Dual Path") is a limited liability company, created under the laws of the State of Arizona and may be served with process by serving its registered agent, Eric Markow at 1725 E. Evans Dr., Phoenix, AZ, 85022, or wherever he may be found.

4. Defendant Eric Markow ("Markow") is an individual residing in the State of Arizona, and may be served with process at 1725 E. Evans Dr., Phoenix, AZ, 85022, or wherever he may be found.

5. Defendant David Goodman ("Goodman") is an individual residing in the State of Texas, and may be served with process at 4003 Merimac, Austin, TX 78731, or wherever he may be found.

## II.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, 28 U.S.C. § 1338, and 15 U.S.C. § 1121. The Court has supplemental and pendent jurisdiction over the claims for unfair competition under Arizona Common Law, pursuant to 28 U.S.C. § 1367 pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. §§1391(b) in that both defendants reside in this District, and a substantial part of the events or omissions giving rise to the claims occurred in this District.

## III.
## **FACTUAL BACKGROUND**

A. **The Formation and Ownership of Dual Path**

8. Dual Path was formed on December 30, 2014 to provide wireless internet services to apartment complexes and other multi-family projects.

9. The business of Dual Path was conceived of and established by Zandonatti, after roughly three years of research and planning. On or about December 13, 2014, Zandonatti recruited Julie Silvestro ("Silvestro") and Quintin Baker ("Baker") to join him in establishing and operating Dual Path.

10. While this team was strong, Zandonatti looked to add another person with strong technical skills to help carry out installations and customer support functions. Thus, Zandonatti recruited Markow to join the Dual Path venture.

11. Zandonatti caused, and paid for, the filing of the Articles of Organization with the Arizona Corporation Commission. An internet search of Zandonatti's name would reveal unflattering information regarding a plea bargain agreement concerning criminal charges relating to mortgage fraud charges in Tucson. Some of the information on the internet was truthful, but some of it unfairly portrayed Zandonatti. Markow expressed concern over listing Zandonatti in the Articles of Organization because of the libelous information on the internet. Because Dual Path was nothing without business the members agreed to focus all of their efforts on securing clients. In part for this reason Zandonatti was not listed as a member on the initial Articles of Organization and other early company documents.

12. During 2015, the parties exchanged various drafts of an Operating Agreement for Dual Path. While, the early drafts listed Zandonatti as a member, his

name was removed in the final draft at Markow's insistence.  Instead, Zandonatti's interest was listed as "reserved."

13. In late 2015, after it became apparent that Dual Path would be a profitable venture, Markow decided to take control of Dual Path to the exclusion of Zandonatti. The Operating Agreement provided that Markow had 45% interest, Silvestro had 8% interest, Baker had 2% interest, and Zandonatti's intended 45% interest was listed as "reserved."  Markow then took the position that Zandonatti's interest essentially did not exist and that he was the 82% interest holder of Dual Path (45% divided by 55%, excluding Zandonatti's interest).  Ownership and control of Dual Path is currently being litigated in the Superior Court of Maricopa County, Arizona, Case No. CV2016-000612. At issue is not whether Zandonatti has equitable ownership rights to the 45% which was "reserved" for him but rather when that was to be issued.

### B. The Intellectual Property Used by Dual Path

14. In additional to funding the startup costs, Zandonatti created the intellectual property currently used by Dual Path.

#### 1. The Trade Mark

15. Zandonatti came up with the mark, "Dual Path" at least as early as December 20th, 2014 and began using the mark at that time and has continuously used the mark since.  On July 11, 2016, Zandonatti filed an application for such mark with the United States Patent and Trademark Office (USPTO) Commissioner for Trademarks as U.S. Application No. 87/099,279.  Zandonatti created the mark "Dual Path" prior to the formation of the company Dual Path and only allowed the company Dual Path to use this mark via a license conditioned on the promise and understanding that he would be an owner of member interest in the company Dual Path, with all good will in the mark being accrued to the benefit of Zandonatti.

### 2. The Copyright

16. Zandonatti also came up with the logo used by Dual Path. Zandonatti set up a contest to create the artwork, awarding prize money from his own pocket. Zandonatti only allowed Dual Path to use this logo conditioned on the promise and understanding that he would be an owner of member interest in Dual Path. The Artwork was later modified and improved according to Zandonatti's instructions by Angelina Paninian, Zandonatti's sister. Ms. Panian executed an assignment of the rights for these improvements to the artwork to Zandonatti. On July 28, 2016, Zandonatti has registered the logo with the United States Copyright Office (Registration No. VA 2-013-251)

17. Zandonatti also came up with content used by Dual Path. The content was written by Zandonatti for use in a website and other forms of promotional activity. Zandonatti only allowed Dual Path to use this content conditioned on the promise and understanding that he would be an owner of member interest in Dual Path. On July 28, 2016, Zandonatti registered the content with the United States Copyright Office (Registration No. VA 2-013-252)

### C. The Formation of Fiber Stream

18. Pending resolution of the ownership of Dual Path, Zandonatti has set up Fiber Stream, which currently offers services in providing wireless internet services to apartment complexes and other multi-family projects, which is in competition to Dual Path. In connection with this business, Zandonatti came up with the mark, "Fiber Stream" at least as early as February 13, 2016 and began using the mark at that time and has continuously used the mark since. On July 11, 2016, Zandonatti caused Fiber Stream to file an application for such mark with the United States Patent and Trademark Office (USPTO) Commissioner for Trademarks as U.S. Application No. 87/099,062.

### D.  Markow Creates www.anthonyjason.info to Compete Against Zandonatti

19.  On or about August 15, 2016, Markow registered the domain name www.anthonyjason.info to disparage Zandonatti and use the trademark Fiber Stream in a disparaging manner to unfairly compete with Zandonatti and Fiber Stream.  Further, Markow has paid for "Google AdWords" and possibly other forms of advertising directing potential customers to the disparaging website.  On the webpage, Markow has printed:  "Have You Been Pitched by Anthony Jason (aka Anthony Zandonatti) or Fiber Stream"?  You'll want to read this information."  The webpage then lists links to news articles concerning Zandonatti's criminal conviction and plea agreement.  This website uses both Zandonatti's name and the mark Fiber Stream in an effort to disparage Zandonatti and Fiber Stream in order to compete in the market place.

20.  Markow and Goodman have made many attempts to discredit Mr. Zandonatti in attempt to drive business away from Fiber Stream. Recently they contacted the editor of Multifamilyinsiders.com, a blog and Industry networking site that was heavily relied upon by Fiber Stream for driving new business leads. They told the editor "You are currently publishing the musings of a convicted felon on probation for fraud. The author by the name of Anthony "Jason" on your site is actually Anthony Zandonatti. Links about his criminal history including conviction for conspiracy, theft, money laundering and illegally conducting an enterprise are at this website: http://anthonyjason.info/ At this time, we wouldn't consider advertising with an organization that publishes content from authors like that."

21.  The editor on November 9th, 2016 subsequently banned Zandonatti from blogging on the site and removed all of his published articles, blogs and web links. Zandonatti's ability to blog, market his company, advertise and drive website traffic has

been severely damaged; he is losing significant business, goodwill and marketing opportunities in the industry in result of Markow's and Goodman's actions.

## IV.

## CAUSES OF ACTION

**A.    COUNT ONE:  COPYRIGHT INFRINGEMENT – DUAL PATH AND MARKOW**

22.    Zandonatti re-alleges the factual allegations in the above paragraphs, which are incorporated herein.

23.    Zandonatti is the rightful owner of the registered copyrights related to the Dual Path logo (Registration No. VA 2-013-251, registered July 28, 2016) and Dual Path content (Registration No. VA 2-013-252), requested herein.  Two samples of his copyrights are shown in the attached Exhibit A.  Defendants Dual Path, Markow and Goodman have wrongfully used this copyrighted logo and copyrighted content.  Accordingly, Zandonatti is entitled to recover the fullest measure of relief and remedies allowed by law.

**B.    COUNT TWO:  TRADEMARK INFRINGEMENT – DUAL PATH AND MARKOW**

24.    Zandonatti re-alleges the factual allegations in the above paragraphs, which are incorporated herein.

25.    Zandonatti owns all property interests in and enjoys all rights protected by federal, state, trademark law, and common law with respect to the Dual Path mark as U.S. Application Serial No. 87/099,279 (the "Mark").

26.    Zandonatti acquired the Registered Mark in good faith by satisfying all applicable statutory requisites, by applying for registration with the applicable federal regulatory authorities, and by first utilizing it in commerce at common law.  The Registered Mark was used in commerce by Dual Path conditioned on the promise and understanding that Zandonatti would be an owner of member interest in the company

Dual Path. The Registered Mark had acquired substantial and material goodwill and is a distinctive mark.

27. The use by Dual Path, Markow and Goodman of the Registered Mark is without approval or authorization, and conduct constitutes trademark infringement in violation of Lanham Act section 32, 15 U.S.C. § 1114(1)(a).

**C.   COUNT THREE:  UNFAIR COMPETITION – ALL DEFENDANTS**

28. Zandonatti and Fiber Stream re-allege the factual allegations in the above paragraphs, which are incorporated herein.

29. Fiber Stream owns common law and statutory rights in the Fiber Stream mark and uses such mark in commerce.  Zandonatti owns common law rights in his name, Anthony Jason or Anthony Jason Zandonatti and has used his name in the business of providing wireless internet services to apartment complexes and other multi-family projects.

30. Markow and Goodman are competitors of Plaintiffs.  Markow uses the names "Fiber Stream" and "Anthony Jason" and "Anthony Jason Zandonatti" in the website www.anthonyjason.info in commercial marketing in order to compete against Fiber Stream.

31. Markow's and Goodman's conduct: (a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of himself with Fiber Stream, or as to the origin, sponsorship, or approval of Markow's goods, services, or commercial activities by Fiber Stream; and (b) in commercial advertising or promotion, misrepresents the nature, characteristics, and qualities of Markow's goods, services, or commercial activities, each violation of Lanham Act section 43(a), 15 U.S.C. § 1125(a).

32. Markow's and Goodman's conduct has a bad faith intent to profit from the use of the name "Anthony Jason" and the Fiber Stream Mark and Markow is registering and trafficking in the use of the domain name www.anthonyjason.info which is identical or confusingly similar to Zandonatti's common law rights in violation of the Lanham Act section 43(a), 15 U.S.C. §1125(a).

## V.
## REMEDIES

### A. Damages

33. Zandonatti re-alleges the factual allegations in the above paragraphs, which are incorporated herein.

34. Zandonatti requests statutory damages from Markow, Goodman and Dual Path pursuant to 17 U.S. Code § 504.

### B. Injunctive Relief

35. Zandonatti and Fiber Stream re-allege the factual allegations in the above paragraphs, which are incorporated herein.

36. Zandonatti and Fiber Stream spent a considerable amount of time and money developing his registered trademarks and copyright. Through their willful and deliberate infringement of the trademarks and copyright, Dual Path and Markow have caused and continue to cause Zandonatti and Fiber Stream to suffer irreparable harm. The harm being inflicted on Zandonatti and Fiber Stream by the willful and deliberate infringement by Dual Path and Markow of the copyright and trademarks of Zandonatti and Fiber Stream cannot be adequately compensated through monetary damages. Accordingly, Zandonatti and Fiber Stream are entitled to injunctive relief. Zandonatti

and Fiber Stream respectfully request the issuance of a preliminary injunction and ultimately a permanent injunction barring Dual Path and Markow from infringing their copyright and trademarks.

WHEREFORE, PREMISES CONSIDERED, Anthony Jason Zandonatti and Fiber Stream, LLC respectfully requests that Dual Path LLC, Eric Markow and David Goodman be cited to appear and answer, and that upon trial on the merits this Court grant the relief requested herein, and for such other and further as to which they may be justly entitled.

DATED this __18th__ day of November, 2016.

*/s/ Ian D. Quinn*

_____
Quinn Law PLLC
Ian D. Quinn
Attorney for Plaintiffs